IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL S. LEVANDOSKI,

                Petitioner,

v.

PAUL MILBRATH, Sheriff,
Jefferson County,

                Respondent.

ORDER

10-cv-056-slc

---

    Michael S. Levandoski has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the two-page, handwritten petition, Levandoski alleges that he is "being illegally held against his will by the Jefferson County Sheriff Department."

    Petitioner has failed to meet the requirements of the Rules Governing Section 2254 Cases. First, petitioner has failed to comply with Rule 3, which provides that the petition must be accompanied by:

    (1)    the five dollar ($5) filing fee; OR

    (2)    a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.

    Petitioner has not submitted either the filing fee or the paperwork necessary to support a determination that he is entitled to proceed without paying the filing fee.

    Second, petitioner has failed in his petition to specify all the grounds for relief available to him and to state the facts supporting each ground, as required by Rule 2(c). The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). The petition must cross

"some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Petitioner has failed to state a single fact in support of his conclusory assertion that he is being held in violation of his federal rights.

Finally, petitioner has failed to sign his petition under penalty of perjury, as required by Rule 2(c)(5).

Petitioner must fix these problems before this court will review his petition. The best way for him to do that is to complete the court's standard § 2254 packet, which is being mailed to him with this order. Petitioner does not need to complete the *in forma pauperis* application if pays the $5 filing fee. Petitioner must submit the completed § 2254 petition *and* either the $5 filing fee or the completed application for leave to proceed *in forma pauperis* not later than February 26. If he fails to make either of these submissions by the February 26 deadline, then this court will dismiss his petition for his failure to prosecute it.

## ORDER

The court will take no further action on the petition until petitioner: 1) returns a completed application for leave to proceed *in forma pauperis* or submits the filing fee; and 2) submits a new, legible petition on the form provided. If petitioner fails to make these submissions on or before February 26, 2010, then the court will dismiss the petition for failure to prosecute.

Entered this 10th day of February, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge